# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL MOORE** | : | **DOCKET NO. 2:06-cv-2169** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **KATHLEEN BLANCO, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a civil rights action filed by *pro se* plaintiff, Michael Moore. In his complaint, the plaintiff names Kathleen Blanco, Patricia Minaldi, Rick Bryant, Beth Lundy, Wayne Frey, Tony Mancuso, Sgt. Johnson, Sgt. Reamer, Sgt. Lejeune, Ellen McAdon, Melanie Broussard, and Marie Rougeau as defendants. He complains that these defendants violated his constitutional rights in connection with criminal charges brought against him in 2002 and in connection with his incarceration during August-October 2002 and December 2003-May 2004.

This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## LAW AND ANALYSIS

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. §1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails

to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984); *Harris,* 1999 WL 1128248 at *4. The Fifth Circuit has approved application of Louisiana's one year personal injury statute of limitations provided by La.C.C. Art. 2315 in a §1983 action. *Lavellee v. Listi,* 611 F.2d 1129 (5th Cir. 1980). Hence, plaintiff's civil rights claim is governed by the one year prescriptive period.

The date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986); *Harris,* 1999 WL 1128248 at *4. "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not

2

realize that a legal cause of action exists but only that the facts support a claim. See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

In the instant case, the lawsuit was received and filed by the Clerk of this court on November 14, 2006. The events which are the basis of this complaint occurred during the period from August 2002 through December 2004. It is clear from the face of this complaint that the plaintiff failed to file the instant suit within one year of the events about which he complains. Accordingly, plaintiff's civil rights claims are barred by the one year statute of limitations and should be dismissed as frivolous.

For this reason,

IT IS RECOMMENDED that this civil rights action be DISMISSED as frivolous.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, January 4, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE