RECEIVED
IN LAKE CHARLES, LA

JUN 13 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL MOORE** | : | **DOCKET NO. 06-02169** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **KATHLEEN BLANCO, ET AL** | : | **MAGISTRATE JUDGE WILSON** |

## ORDER

Before the Court is a Motion to Appoint Counsel (doc. #3) filed by *pro se* plaintiff, Michael Moore. Moore seeks to have the Court appoint counsel to assist him with the above-captioned civil rights matter. In support of his motion, Moore states the reasons why this Court should appoint counsel to assist him as follows; (1) he "called attorney from yellow pages – no new clients or issues too complex" and (2) "not educated in law–But everything shows grave injustices done to me at the hands of others."

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 1983. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exception circumstances' are present."[1] Pursuant to 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. The United States Supreme in the case of *Mallard v. United States District Court for the Southern District*,[2] held that federal courts can only request that an

---

[1] *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985).

[2] 109 S.Ct. 1814 (1989).

attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. 1915(e)(1) with the authority to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances."[3] No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors:

1. The type and complexity of the case:

2. The petitioner's ability to adequately present and investigate his case;

3. The presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination;

4. The likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."[4]

Additionally, the court can consider whether the plaintiff has demonstrated the inability to secure private counsel on his own behalf.[5]

---

[3] *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5 th Cir. 1989).

[4] *Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d at 293, n. 14; *Ulmer*, 691 F.2d at 213, (citations omitted), and *Jackson*, 864 F.2d at 1242.

[5] *Jackson*, 864 F.2d at 1242; *Ulmer*, 691 F.2d at 213.

Moore has failed to provide the Court with any financial information or any other information that would favor him regarding the motion to appoint counsel. The Court finds that Moore has failed to establish "exceptional circumstances" which would warrant the appointment of counsel. Accordingly, it is

**ORDERED** that the motion for appointment of counsel is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of June, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE